### RICHARD v. THE STATE.

LUMPKIN, J. On the trial of one indicted for forging certain bank checks, it appearing that the checks were in court and exhibited to the witnesses, they should have been introduced in evidence. Where this was not done, although the parol evidence showed that the defendant had obtained cash on certain checks which were forgeries, and the amount of one of the forged checks referred to by a witness accorded with the amount of one of the checks set out in the indictment, but there was no other evidence as to the contents or purport of the forged instruments, or that they were identical with those set out in the indictment, a verdict of guilty was not supported by the evidence.

*Judgment reversed. All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Indictment for forgery. Before Judge Lewis. Jasper superior court. September 28, 1906.

*Greene F. Johnson,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

---

### SHUBERT v. THE STATE.

ATKINSON, J. A conviction of the offense of assault is unauthorized when the evidence discloses that the only act of the accused relied on to sustain the conviction is that the accused, who had committed no offense and against whom no warrant had been issued, raised a stick and drew it back in a striking position, with a threat to use the same, when officers with a warrant against a relative approached him and endeavored to compel him to go with them until they had made the arrest of such relative. Even if, under ordinary circumstances, such conduct would have amounted to an assault, the accused was justified in the act that he committed. *Judgment reversed. All the Justices concur.*

Submitted November 19,—Decided December 11, 1906.

Indictment for assault. Before Judge Kimsey. Habersham superior court. September 29, 1906.

*I. L. Oakes,* for plaintiff in error.

*W. A. Charters, solicitor-general,* contra.